**Anthony P. SKOLSKI and Kathryne D. Skolski, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 15248.

United States Court of Appeals Third Circuit.

Argued Oct. 5, 1965.

Decided Oct. 22, 1965.

Ralph J. Kmiec, Camden, N. J. (Angelo D. Malandra, Camden, N. J., on the brief), for petitioners.

Robert Waxman, Atty., Dept. of Justice, Tax Div., Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, David O. Walter, Lucy R. Thornton, Attys., Dept. of Justice, Washington, D. C., on the brief), for respondent.

Before BIGGS, Chief Judge, and MARIS and STALEY, Circuit Judges.

MARIS, Circuit Judge.

We are asked by the taxpayers in this case to review an order of the Tax Court dismissing for lack of jurisdiction their petition for redetermination of deficiencies in income tax and fraud penalties for the years 1952 through 1959. The notice of the claimed tax deficiencies was sent by the Commissioner to the taxpayers on March 26, 1964. Under Section 6213(a) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 6213(a),[1] the taxpayers had 90 days thereafter during which to file with the Tax Court their petition for redetermination of these deficiencies. This period of 90 days ended on June 24, 1964. The taxpayers forwarded a petition for redetermination to the Tax Court through the United States mail which was received by the clerk of the court on June 26, 1964, two days after the period of 90 days had expired. The taxpayers assert, however, that their petition was actually deposited in the Unit-

---

1. "§ 6213. Restrictions applicable to deficiencies; petition to Tax Court

(a) Time for filing petition and restriction on assessment.—Within 90 days, or 150 days if the notice is addressed to a person outside the States of the Union and the District of Columbia, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. Except as otherwise provided in section 6861 no assessment of a deficiency in re-

spect of any tax imposed by subtitle A or B and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day or 150-day period, as the case may be, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. Notwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court."

ed States mail in Camden, New Jersey, on June 23, 1964, the 89th day, and that the petition should have been held to have been timely filed in view of the provisions of section 7502(a) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 7502(a).[2]

█ Section 7502(a) was included in the Code to alleviate some of the hardships resulting from a strict application of the rule of section 6213. Bloch v. Commissioner, 9 Cir. 1958, 254 F.2d 277. Section 7502(a) provides that if a document required to be filed within a prescribed time by the internal revenue laws is after that time delivered by the United States mail to the office in which it is required to be filed, the date of the United States postmark stamped on the cover in which the document is mailed shall be deemed to be the date of delivery, but only if the postmark date falls within the prescribed time and the document was within the prescribed time deposited in the mail in an appropriate wrapper, postage prepaid and properly addressed.

The Government's contention is that the date appearing on the postmark stamped on the cover in which the petition was mailed is the significant date under section 7502(a) rather than the date on which the petition was actually deposited in the mail. It asserts that in this case the date on the postmark was illegible and hence the taxpayers were not entitled to the benefit of section 7502(a). Agreeing with the Government's contention, the Tax Court dismissed the petition as untimely filed. The Tax Court permitted the taxpayers to have the post-

mark impression on the cover in which their petition was mailed examined by a questioned document examiner of the Post Office Department in the presence of a deputy clerk of the court. The examiner reported that his examination revealed the month June (JE) followed by the figure 2, but that as "evidenced by the presence of two small ink deposits after the '2', the possibility cannot be eliminated that these could represent part of a second digit." On the basis of the examiner's report, the Tax Court found that the date on the postmark was illegible, a finding which we cannot hold to be clearly erroneous.

█ We think, however, it was error for the Court to conclude from this finding that the taxpayers were not entitled to the benefit of section 7502(a). On the contrary, we are satisfied that they were entitled, and should have been permitted, to prove, if they could, what the illegible date on the postmark actually was, i. e., the date of the postmark. For it is the "date of the United States postmark" which section 7502(a) makes the significant date. The operation of the subsection is not by its terms restricted to a date legibly appearing on the face of the postmark. Here the postmark admittedly had a date although that date was in part illegible and therefore could not be read from the face of the postmark. Under these circumstances we are satisfied that it was competent for the taxpayers to establish what the date of the postmark actually was by evidence other than that appearing on the face of the post-

2. "§ 7502. Timely mailing treated as timely filing

(a) General rule.—If any claim, statement, or other document (other than a return or other document required under authority of chapter 61), required to be filed within a prescribed period or on or before a prescribed date under authority of any provision of the internal revenue laws is, after such period or such date, delivered by United States mail to the agency, officer, or office with which such claim, statement, or other document is required to be filed, the date of the United States postmark stamped on the cover in which such claim, statement, or other doc-

ument is mailed shall be deemed to be the date of delivery. This subsection shall apply only if the postmark date falls within the prescribed period or on or before the prescribed date for the filing of the claim, statement, or other document, determined with regard to any extension granted for such filing, and only if the claim, statement, or other document was, within the prescribed time, deposited in the mail in the United States in an envelope or other appropriate wrapper, postage prepaid, properly addressed to the agency, office, or officer with which the claim, statement, or other document is required to be filed."

mark itself. To hold otherwise would be to narrow the scope of section 7502(a) to a fortuitous application wholly dependent upon the care with which postal employees affixed postmarks and thus unwarrantedly to defeat in part its remedial purposes. We are fortified in this conclusion by the Treasury Regulations on Procedure and Administration adopted under the 1954 Code, section 301.7502-1(c) (1) (iii) (a) [3] of which contains the following relevant sentence: "If the postmark on the envelope or wrapper is not legible, the person who is required to file the document has the burden of proving the time when the postmark was made." Evidence as to the actual time of mailing, such as the taxpayers here offered, was clearly relevant to this inquiry and should have been considered by the Tax Court. For it may certainly be reasonably inferred from the practice required of postal employees by the Postal Manual that mail is postmarked on the day it is received by the postal authorities and that the postmark bears that date.[4]

We are not here dealing with a case in which the postmark bore a clearly legible date which was not the actual date of mailing, compare Boccuto v. Commissioner, 3 Cir. 1960, 277 F.2d 549, nor with a case in which the cover contained no postmark at all, compare Wood v. Commissioner, 9 Cir. 1964, 338 F.2d 602. Here the postmark actually has a date which under section 7502(a) is, if it can be determined, to be deemed the date of delivery of the taxpayers' petition to the Tax Court. Since, however, the date cannot be read from the face of the postmark because of its partial illegibility, it may only be determined by evidence aliunde. We, of course, have not considered the evidence which was offered by the taxpayers on this question since it will be for the Tax Court upon remand to consider that and any other evidence offered by the parties and thereupon to make such finding upon this jurisdictional question as the evidence warrants.

■ One other matter requires mention. As we have said the Tax Court permitted the taxpayers to have the impressions of the postmark in question examined by a Government questioned document examiner in the presence of a deputy clerk of the court. The court, however, refused the taxpayers the right to have the postmark impressions examined by an examiner of their own choosing. In this we think the court erred. Accordingly, on remand the taxpayers should, if they request it, be accorded this right, to be exercised, if the court deems it appropriate, in the presence of a deputy clerk of the court.

The order of the Tax Court dismissing the petition for lack of jurisdiction will be reversed and the cause will be remanded for further proceedings not inconsistent with this opinion.

---

3. 26 CFR § 301.7502-1(c) (1) (iii) (a).

4. "332.4 POSTMARKING

\*　　\*　　\*　　\*　　\*

.44 SETTING DATE AND TIME INDICATOR
Adjust date at the beginning of each day
\*　\*　\*
.45 POSTMARKING LATE MAIL
Mail deposited after the last dispatch but before the office closes shall be postmarked the same day. For postmarking purposes, office closing time means the time the last employee assigned to postmarking duties is scheduled to leave the office. All mail deposited after the office closes, including mail deposited in the collection box in front of the post office, shall be promptly postmarked when the office opens the next morning.

\*　　\*　　\*　　\*　　\*

.48 IMPROPER DATING AND ALTERATIONS
Mail must not be postmarked or backstamped to indicate a date or time of mailing or receiving other than the actual date or time of mailing or receiving, except as specified in 332.45. Do not alter or erase any postmark or backstamp previously placed on mail. Intentional violation of this regulation constitutes grounds for prompt removal from the service." Postal Manual; United States Post Office Department.