Charles E. HOENIG, Employee/Appellant/
Respondent,

v.

CORRIGAN BROTHERS, INC.,
Employer/Respondent/
Appellant,

and

Argonaut Insurance Company,
Insurer/Respondent,

and

St. Paul Fire and Marine Insurance
Company, Insurer/Respondent/
Appellant.

Nos. 73605, 73712.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 13, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 19, 1999.

Application for Transfer Denied
Feb. 23, 1999.

Michael A. Gerritzen, St. Louis, for Charles E. Hoenig.

Paul F. Keeven, St. Louis, for Corrigan Brothers and Argonaut Insurance Co.

Kevin M. Leahy, St. Louis, for Corrigan Brothers and St. Paul Fire and Marine Ins. Co.

Before PUDLOWSKI, P.J., and CRANDALL and AHRENS, JJ.

PER CURIAM.

Charles Hoenig (Employee) appeals from two awards by the Labor and Industrial Relations Commission (Commission) denying compensation. Corrigan Brothers, Inc. (Employer) appeals from a third award by the Commission allowing compensation. We affirm.

From August 1964 to February 22, 1995, Employee worked for Employer as a plumber. Employee filed three claims for workers' compensation for incidents occurring on July 14, 1994, September 13, 1994 and February 16, 1995. In two awards, the Commission denied compensation for the July 14th and September 13th incidents. Employee appeals from these decisions. In the third award, the Commission found that there was insufficient evidence of injury or disability resulting from the February 16th incident but that Employee was entitled to compensation because he sustained an occupational disease. Employer appeals from this decision. On this court's motion, the two appeals were consolidated.

In his first claim, Employee asserted that he was injured on July 14, 1994 while lifting a trailer. The Commission found that there was insufficient substantial competent evidence of injury and disability. In his second claim, Employee asserted that he was injured on September 13, 1994 while lifting a water main pipe. The Commission again found that there was insufficient substantial competent evidence of injury or disability. The Commission also found that Employee failed to provide Employer with proper notice of the September 13th incident.

Employee appeals from the Commission's first two awards. The Commission's decisions denying compensation for Employee's first two claims are supported by competent and substantial evidence on the whole record; no error of law appears. A written opinion for Employee's arguments would have no precedential value. The Commission's decisions as to Employee's claims for the July 14, 1994 and September 13, 1994 incidents are affirmed. Rule 84.16(b).

Employee asserted in his third claim that he was injured on February 16, 1995 while lifting a water heater. The Commission found that there was insufficient substantial competent evidence of injury or disability proximately caused by this incident. However, the Commission entered "a temporary or partial award of compensation" because Employee sustained an occupational disease causally related to his work as a plumber. Employer appeals from this decision.[1]

Employee filed a motion to dismiss Employer's appeal or in the alternative to strike certain points in Employer's brief. Employer filed a motion to correct the Notice of Appeal or in the alternative to remand to the Commission to correct the Notice of Appeal to reflect a filing date of December 4, 1997. This court granted Employer's motion in part, remanding the case to the Commission to make findings of fact as to the date the Notice of Appeal was to be deemed filed in accordance with section 287.480[2].

After a hearing, the Commission found in part (1) the three awards were issued on November 4, 1997, (2) counsel for St. Paul Fire and Marine Insurance Co. mailed the Notice of Appeal by certified mail on December 4, 1997 and counsel received a paid receipt, (3) the Notice of Appeal was mailed to "Pam Hoffman (sic) [the Commission's secretary], Labor and Industrial Relations Commission, 3315 West Truman Boulevard, *P.O. Box 58*, Jefferson City, MO 65102," (4) 3315 West Truman Boulevard is the street ad-

1. The parties stipulated that Argonaut Insurance Co. "fully insured" Employer for liability under Missouri's Workers Compensation law for the July 14, 1994 and September 13, 1994 incidents and St. Paul Fire & Marine Insurance Co. "fully insured" Employer for the February 16, 1995 incident. The two insurance companies filed separate briefs. In its third award allowing com-

pensation, the Commission listed St. Paul Fire & Marine Insurance Co. as the insurer. Argonaut Insurance Co. correctly argues that it has no liability.

2. All statutory references are to RSMo.1994.

dress for seven agencies within the Department of Labor Industrial Relations including the Commission and the Division of Workers' Compensation, (5) P.O. Box 58, Jefferson City, Mo. 65102 is the mailing address for the Division of Workers' Compensation and P.O. Box 599, Jefferson City, Mo. 65102 is the correct mailing address for the Commission, (6) when the Notice of Appeal arrived at the Commission it did not have an envelope, as the Division of Workers' Compensation does not retain envelopes, and (7) when Pamela Hofmann received the Notice of Appeal it had a file-stamped date of December 8, 1997 from the Division of Workers' Compensation and she certified the appeal as being filed on December 8, 1997. Employee filed a supplemental motion to dismiss the appeal or in the alternative to strike all or part of the Commission's findings.

Section 287.495 requires a party to appeal "within thirty days of the final award." To be timely, December 4, 1997 is the last day Employer's Notice of Appeal could be filed. Section 287.480 provides in part:

> Any notice of appeal, application or other paper required under this law to be filed with the division or the commission shall, when mailed to and received by the division or the commission, be deemed to be filed as of the date endorsed by the United States post office on the envelope or container in which such paper is received.

This court considered an analogous case in *Long v. City of Hannibal,* 670 S.W.2d 567 (Mo.App.1984). In that case, the Commission received the City of Hannibal's application for review on August 28, 1981 twenty-one days after an administrative law judge's award. *Long,* 670 S.W.2d at 569. Thereafter, the Commission issued an award. *Id.* The circuit court reversed, in part because it found that the appeal of the administrative law judge's award was not timely. *Id.* At the circuit court hearing, the City of Hannibal offered a mailing receipt postmarked August 27, 1981 and a letter from the Commission stating that the appeal was postmarked on that date. *Id.* This court reversed and held that this evidence was sufficient to show that the application for review was postmarked within twenty days as required by section 287.480. *Id.* Here, the Commission found that the Notice of Appeal was mailed certi-

fied and counsel received a paid receipt dated December 4, 1997. Under 287.480, the filing date of the Notice of Appeal is December 4, 1997 and was therefore timely. *Id.; See Grice v. City of St. Robert,* 824 S.W.2d 470, 471–72 (Mo.App.1992).

Employee also asserts that the appeal should be dismissed because the Notice of Appeal "only appealed the September 13, 1994 injury" and St. Paul Fire & Marine Insurance Co.'s counsel could not file a Notice of Appeal for Argonaut Insurance Co. The Notice of Appeal does list the date of the accident as September 13, 1994 but lists the injury numbers for Employee's three claims. The Notice of Appeal is signed by St. Paul Fire & Marine Insurance Co.'s counsel but provides that "Corrigan Brothers, Inc./Argonaut Insurance Company" is appealing the decision. As previously stated, Argonaut Insurance Co. insured Employer for Employee's claims arising from the July 14, 1994 and September 13, 1994 incidents and St. Paul Fire & Marine Insurance Co. insured Employer for the February 16, 1995 incident.

Rule 100.02(c) provides that a "notice of appeal shall specify the party seeking review, the decision sought to be reviewed, and a concise statement of the grounds on which jurisdiction is invoked." "Technical adherence to the formal averments of a notice of appeal is not jurisdictional, and the averments are to be liberally construed to permit appellate review so long as the opposing party is not misled to his or her irreparable harm." *L.J.B. v. L.W.B.,* 908 S.W.2d 349, 351 (Mo. banc 1995). Rules should be liberally construed in favor of permitting appeals to proceed. *J.S. DeWeese Co. v. Hughes–Treitler Mfg. Corp.,* 881 S.W.2d 638, 642 (Mo.App. E.D.1994).

The Commission found Employer liable in its third award and the first two awards did not find Employer liable. Employer would be appealing from the third award that found it liable. St. Paul Fire & Marine Insurance Co. is listed as the insurer for the third award issued by the Commission. Employer attached to its Notice of Appeal a statement of issues expected to be raised on appeal. These stated issues relate to the third award. We do not find that Employee has been misled to his irreparable harm.

Employee's two motions are denied. The part of Employer's motion to correct the Notice of Appeal to reflect a filing date of December 4, 1997 is granted.

■ In its third award, the Commission entered a "temporary or partial award" to Employee. Employer's arguments address its liability and not the extent or duration of the award. Accordingly, this court has jurisdiction to consider Employer's arguments. *Shaffer v. St. John's Regional Health Ctr.*, 943 S.W.2d 803, 805–08 (Mo.App. S.D.1997); *Smith v. Fabricated Metal Products,* 883 S.W.2d 537, 538 n. 3 (Mo.App. E.D.1994).

The Commission's award of compensation in its third award is supported by substantial and competent evidence on the whole record; no error of law appears. A written opinion for Employer's arguments regarding the third award would have no precedential value. The Commission's decision is affirmed. Rule 84.16(b).

The Commission's two awards denying compensation and third award allowing compensation are affirmed. Employee's two motions are denied and the part of Employer's motion to correct the Notice of Appeal to reflect a filing date of December 4, 1997 is granted.