Michael **HEADRICK**,
Employee/Appellant,

v.

**JACKES–EVANS MANUFACTURING CO., Employer/Respondent (Settled),**

**and**

**Treasurer of Missouri as Custodian of the Second Injury Fund, Additional Party/Respondent.**

No. ED 81988.

Missouri Court of Appeals,
Eastern District,
Division Five.

June 10, 2003.

Todd I. Muchnick, St. Louis, MO, for appellant.

Mike Finneran, for respondent.

LAWRENCE G. CRAHAN, Judge.

Michael Headrick ("Appellant") appeals from an order of the Labor and Industrial Relations Commission ("Commission") dismissing his action for failure to file an Application for Review within the twenty-day statutory period as required by section 287.480.1 RSMo 2000 [1] because the envelope in which it was mailed was erroneously postmarked. We reverse and remand to the Commission with directions to conduct a hearing to determine, from the totality of the circumstances, whether the Application was, in fact, timely mailed and, if the Commission determines the application was timely mailed, to hear the Application on the merits.

---

1. All statutory references are to RSMo 2000, unless otherwise noted.

After an Award on Hearing issued August 27, 2002, before the Division of Workers' Compensation, Appellant had twenty days (until September 16) to file a timely Application for Review ("Application") of the ruling to the Commission. *See* section 287.480.1. An envelope containing the Application was prepared at the offices of Appellant's attorney and date-stamped at a metered mail machine in the attorney's office. Unfortunately, the envelope was erroneously postmarked as *November* 16, 2002, instead of September 16, 2002, which was the twentieth and last day for Appellant to mail a notice of appeal. According to an affidavit filed with the Commission, the attorney's paralegal, not realizing the envelope was improperly dated, delivered the envelope on September 16 to the United States Postal Service ("USPS") in Clayton, Missouri, and placed it in a metered mail drop-box at about 5:30 p.m., where it was to be picked up about a half hour later. Though the USPS is required by its own internal regulations to independently postmark or endorse the envelope, it did not do so in this instance; rather, the envelope was processed containing only the erroneous November postmark.

The Commission received the Application in Jefferson City on Thursday, September 19, 2002. The Missouri Attorney General's Office in St. Louis, representing the Treasurer of Missouri as Custodian of the Second Injury Fund ("Respondent"), stamped as received a copy of the Application, which was allegedly mailed simultaneously with the original, on September 17.[2] Aware of this information, the Commission nonetheless issued an order in October dismissing the Application for Appellant's failure to comply with the statutory requirements for timely filing.

Section 287.480.1 provides that an application for review made to the Commission may be filed by mail, and, when it is received by the Commission, it will "be deemed to be filed as of the date endorsed by the United States post office on the envelope" in which the application is received. An appealing party may make a timely Application that is received by the Commission outside of the time permitted only if the papers are mailed within twenty days and the USPS endorses the mailing and delivers it to the addressee. The use of privately controlled postage meters has been accepted to allow metered mail postmarks inscribed on an envelope by a postage meter licensed by the USPS to satisfy the statutory requirement of a "date endorsed by the United States post office." *Abrams v. Ohio Pacific Express*, 819 S.W.2d 338, 340, 343 (Mo. banc 1991); *see also* Domestic Mail Manual section 144.14 (authorizing postal customers to apply for a license to possess and use postage meters).[3] Thus, if the Application was mailed on or before September 16, subsequently endorsed by the USPS in the course of mailing, and received by the Commission, it would be considered to have been filed

---

**2.** Though the Attorney General's Office received the Application for Review only one day after it was allegedly mailed and also responded with an Answer to Application for Review that was filed with the Commission on September 24, the Attorney General has taken no position as to whether or not the original Application was timely mailed and filed under section 287.480.

**3.** The Domestic Mail Manual ("Manual") is a compilation of regulations adopted by the postal service under authority granted to it by Congress. *See* 39 C.F.R. section 401(2) (2002). The Manual is a looseleaf document published twice each year and made part of the Code of Federal Regulations, and copies of the current issue should be available during regular business hours for public inspection at all post offices. 39 C.F.R. section 111.1–111.2.

with the Commission within the statutory period.

In his sole point on appeal, Appellant claims that the Commission improperly interpreted and unjustly and unreasonably applied the provisions of section 287.480.1 by dismissing the Application. Appellant contends that because section 287.480 is remedial in nature, it is to be liberally construed so that, in the interests of equity, the erroneously postmarked envelope that caused the Application to fail to satisfy the technical statutory requirements will not preclude the case from being decided on its merits.

▆▆▆▆ This Court reviews decisions of the Commission which are clearly interpretations or applications of law for correctness without deference to the Commission's judgment. *Tidwell v. Kloster*, 8 S.W.3d 585, 588 (Mo.App.1999). Even findings of ultimate facts reached through application of rules of law, rather than by natural reasoning based on facts alone, are conclusions of law. *Id.* Review of legal determinations is *de novo*, and issues involving the interpretation of statutory language are questions of law. *Lakin v. Gen. Am. Mutual Holding Co.*, 55 S.W.3d 499, 503 (Mo.App.2001) (citations omitted).

The Commission would deny Appellant the right to appeal because of an overly technical reading of the statute that denies the envelope from being deemed filed within the statutorily required period because it was not postmarked with a date within that twenty-day period. According to the Order Dismissing Application for Review, the Commission noted that "[i]n the present case, the Application for Review was not received by any method within the 20 day time period, which expired on Friday, September 16, 2002. The Application of Review did not bear a postmark within that 20 day period."

The primary role of courts in construing statutes is to ascertain the intent of the legislature from the language used in the statute and, if possible, to give effect to that intent. *Abrams*, 819 S.W.2d at 340. To that end, it is presumed that the Legislature did not intend to enact an absurd law, and courts favor a statutory construction that avoids unjust or unreasonable results. *See State ex rel. McNary v. Hais*, 670 S.W.2d 494, 495 (Mo. banc 1984) (citations omitted). Section 287.480 is the initial step in an appeal of an award of a worker's compensation claim, and this right to appeal has been recognized as wholly remedial. *Abrams*, 819 S.W.2d at 341. Statutes that are remedial in nature are to be liberally construed so as to effect their beneficial purpose. *Id.*

▆▆▆▆ The legislature provides these guidelines to assure the orderly administration of justice and the settlement of claims in a timely manner. The timely filing of an application for review in a workers' compensation case is jurisdictional and requires strict compliance. *Merritt v. Shoney's, Inc.*, 925 S.W.2d 494, 495 (Mo.App.1996). Section 287.480 does not provide for late filing and does not carve out an exception for filing out of time either for good cause or for ignorance of the law. *Id.* Due to the factual peculiarity of this case and the remedial nature of section 287.480, however, the statute here must be construed liberally to permit a disposition of this case on the merits, rather than on technical grounds. *See Abrams*, 819 S.W.2d at 341.

Prior Missouri cases have shown a willingness of the courts to liberally construe section 287.480. In *Hoenig v. Corrigan Brothers, Inc.*, 983 S.W.2d 526 (Mo.App. 1998), the court allowed extrinsic evidence to prove that a notice of appeal was mailed within the statutory time period when the notice was received four days late and

without a postmarked envelope at the Commission because it was first sent to the Department of Workers' Compensation before making it to the Commission. The notice was mailed certified and counsel received a paid receipt dated the last day for filing, thus proving to the Commission the timeliness of the filing. *Hoenig,* 983 S.W.2d at 527. Also, in *Long v. City of Hannibal,* 670 S.W.2d 567 (Mo.App.1984), the court held that filing was timely because, though the envelope was not retained by the Commission, there was other evidence that the filing was done in a timely manner. The court held that evidence of a mailing receipt and a letter from the Commission stating the appeal was postmarked on the alleged date were sufficient to show that the application was postmarked within the twenty days as required by section 287.480. *Long,* 670 S.W.2d at 569.

We also find *Skolski v. Commissioner of Internal Revenue,* 351 F.2d 485 (3rd Cir. 1965), to be instructive and persuasive on the facts presented. *Skolski* concerned a date stamp that was illegible so that the proper date of filing by mail could not be determined when a petition was received by the Commissioner two days after the deadline expired. The taxpayers were permitted to have the illegible postdate proved by the "impression on the cover in which their Petition was mailed [that was] examined by a questioned document examiner of the Post Office Department...." *Id.* at 487. The court noted that holding otherwise would "unwarrantedly ... defeat in parts [the section's] remedial purposes." *Id.* at 488. The Court also pointed out that such a holding would avoid a "fortuitous application wholly dependent upon the care with which postal employees affixed postmarks." *Id.*

■ Though *Skolski* dealt with an illegible postmark stamped by the USPS and not an incorrect postmark stamped by a private meter, its factual circumstances are analogous to our case. If the date of mailing cannot be discerned on the face of the envelope, then it cannot be conclusively determined whether or not filing was timely without a more thorough factual inspection of the circumstances. Where an envelope is postmarked with a date that is in the future and has not yet occurred, and the envelope is mailed prior to that date, reason dictates that the postmark cannot be the actual date the envelope was mailed. Logically, a date in the future cannot be the "date endorsed by the United States post office" where all of the parties involved received the mail well before the date that was stamped on the outside of the envelope actually happened. Therefore, where it cannot be determined from the face of the envelope when it was actually mailed, such as where the date on the envelope is in the future, the postmark date should be regarded as the equivalent of an illegible date and should be treated accordingly.

■ The issue before the Court concerns the actual date when the envelope was mailed. Therefore, Appellant is entitled, and should have been permitted to prove, if possible, the date on which the Application was postmarked and placed in the mail. Appellant may prove by the totality of the circumstances the actual date of the postmark or the actual date the Application was mailed. We note, however, that the affidavit of the paralegal does not conclusively establish the exact date the envelope was postmarked. *See Patterson v. St. Louis University Hospital,* 780 S.W.2d 106, 108 (Mo.App.1989) (Late filing of an appeal should not be excused merely on proof by affidavit of when the notice was appealed.). Also, just because the erroneous postmark was dated November 16 may not necessarily mean that the me-

tered mail machine stamped the envelope on September 16.

Appellant may be able to prove that the totality of the circumstances indicate that, in fact, the envelope containing the Application was timely mailed and thus filed in compliance with the requirements as set forth in section 287.480. At the least, Appellant should have the opportunity to prove that the envelope was mailed within the statutory time period because section 287.480 is remedial in nature and so holding will avoid the dismissal of the Application on overly technical grounds.

Accordingly, this case is reversed and remanded to the Labor and Industrial Relations Commission for a hearing to determine the correct date on which the Application was mailed. If, upon remand, the Commission finds that the Application was in fact, mailed within the statutory period, it is further directed to hear the Application on the merits.

LAWRENCE E. MOONEY, C.J., and SHERRI B. SULLIVAN, J., concur.