Robert CIDLIK, Respondent,

v.

SUBSURFACE CONTRACTORS, Appellant.

No. ED 81858.

Missouri Court of Appeals, Eastern District, Division Three.

July 22, 2003.

Brian K. McBrearty, Clayton, MO, for appellant.

Kenneth K. Vuylsteke, St. Louis, MO, for respondent.

Before MARY R. RUSSELL, P.J., CLIFFORD H. AHRENS, J., and BOOKER T. SHAW, J.

BOOKER T. SHAW, Judge.

Subsurface Contractors ("Employer") appeals from an order of the Labor and Industrial Relations Commission (the "Commission") dismissing its Application for Review ("Application") because it was filed untimely. The Commission determined that because the date endorsed by the United States Postal Service on the envelope containing Employer's Application was illegible, the Commission was required to utilize the date the Application was actually received as its filing date, and therefore, found that the Application was received untimely under Section 287.470, RSMo 2000.[1] We reverse and remand the case back to the Commission for an evidentiary hearing for Employer to prove, if

1. All further statutory references are to RSMo 2000, unless otherwise indicated.

possible, the actual date of the postmark or the date on which the Application for Review was placed in the mail.

Robert Cidlik ("Employee") filed a Claim for Compensation with the Workers' Compensation Division of the Department of Labor and Industrial Relations against Employer on May 22, 1997. A hearing was held on Employee's claim on April 26, 2002. Workers' Compensation Administrative Law Judge, William L. Newcomb, awarded benefits to Employee in the amount of $68,104.69 on July 18, 2002. Judge Newcomb issued Findings of Fact and Rulings of Law to support his award, finding that as a result of his employment with Employer, Employee suffered 40% permanent disability of the body as a whole. According to Employer, an Application for Review of the Workers' Compensation Award to Employee was mailed to the Commission on August 7, 2002. According to the Commission, Employer's Application was received on August 12, 2002 and the date endorsed by the United States Postal Service on the envelope containing the Application was illegible. On August 27, 2002, using the date of receipt of Employer's Application as the filing date, the Commission issued an order dismissing Employer's Application as untimely under Section 287.470. Employer appeals from this order.

■ When a decision of the Commission is clearly an interpretation or application of the law, we review for correctness, without giving deference to the Commission. *Headrick v. Jackes–Evans Mfg. Co.*, 108 S.W.3d 114, 116 (Mo.App. E.D.2003) (citing *Tidwell v. Kloster*, 8 S.W.3d 585, 588 (Mo.App. E.D.1999)). "Even findings of ultimate facts reached through [the] application of rules of law, rather than by natural reasoning based on facts alone, are [considered] conclusions of law." *Id.* (citing *Tidwell*, 8 S.W.3d at 588). Issues involving the interpretation of statutory language are considered questions of law, and we review them *de novo. Id.* (citing *Lakin v. Gen. Am. Mutual Holding Co.*, 55 S.W.3d 499, 503 (Mo.App. W.D.2001)).

■ Employer's sole point on appeal is that the Commission erred in dismissing its Application as untimely filed, without a hearing on the issue, because the filing date was in doubt and could only be ascertained upon the presentation of additional evidence.

■ Compliance with Section 287.480 is the initial step in the appeal of a worker's compensation award. *Id.* (citing *Abrams v. Ohio Pacific Express*, 819 S.W.2d 338, 341 (Mo. banc 1991)). This Section requires that for an Application for Review to be timely, it must be filed with the Commission within twenty days from the date of the award. Section 287.480. If an Application is mailed to and received by the Commission, the postmark (the date endorsed by the United States Postal Service on the envelope or container in which the Application is received), will be deemed the filing date, notwithstanding its actual delivery at a later date. *Id.*

The right to appeal, under Section 287.480, "has been recognized as wholly remedial." *Headrick*, at 117 (citing *Abrams*, 819 S.W.2d at 341). "Statutes that are remedial in nature are to be liberally construed so as to effect their beneficial purpose." *Id.* (citing *Abrams*, 819 S.W.2d at 341). "The primary role of courts in construing statutes is to ascertain the intent of the legislature ... and, if possible, to give effect to that intent," avoiding unjust or unreasonable results. *Id.* (citing *Abrams*, 819 S.W.2d at 340); *see also McNary v. Hais*, 670 S.W.2d 494, 495 (Mo. banc 1984).

Although Section 287.480 does not provide an exception for late filing, and "[t]he

timely filing of an application for review in a workers' compensation case is jurisdictional and requires strict compliance," Missouri courts have shown a willingness to construe Section 287.480 liberally. *Id.* at 117–118 (citing *Merritt v. Shoney's, Inc.*, 925 S.W.2d 494, 495 (Mo.App. E.D.1996)); see *Hoenig v. Corrigan Bros., Inc.*, 983 S.W.2d 526 (Mo.App. E.D.1998). In *Hoenig*, 983 S.W.2d at 527, an employee filed a motion to dismiss his employer's appeal to the Commission of an award of workers' compensation because the notice of appeal was untimely filed. Employer mailed the notice of appeal by certified mail on December 4, 1997 and counsel received a paid receipt. *Id.* However, when the notice of appeal arrived at the Commission, it did not have an envelope and it was certified as being filed on December 8, 1997. *Id.* at 527–28. Employer filed a motion to correct the notice of appeal or in the alternative, to remand to the Commission to correct the notice of appeal to reflect a filing date of December 4, 1997. *Id.* at 527. This Court granted employer's motion in part, remanding the case to the Commission to make findings of fact as to the date the notice of appeal was to be deemed filed in accordance with Section 287.480. *Id.*

Likewise, in *Headrick*, at 116, the envelope containing the Application was erroneously date-stamped November 16, 2002 with a metered mail machine, instead of September 16, 2002, the date it was allegedly mailed and the twentieth and last day for Appellant to timely mail the Application. *Id.* In that case, the United States Postal Service did not independently postmark or endorse this piece of metered mail, although it is required by its own internal regulations to do so. *Id.* As a result, the envelope carrying the Application was processed with the erroneous November 16, 2002 postmark date. *Id.* The Commission received the Application on September 19, 2002, fifty-seven days be-

fore the postmark date, but still issued an order "dismissing the Application for Appellant's failure to comply with the statutory requirements for timely filing." *Id.*

In remanding the case back to the Commission for a hearing to determine the correct date on which the Application was mailed, this Court held that "[i]f the date of mailing cannot be discerned on the face of the envelope, then it cannot be conclusively determined whether or not filing was timely without a more thorough factual inspection of the circumstances." *Id.* at 117. "Therefore, where it cannot be determined from the face of the envelope when it was actually mailed, .... Appellant is entitled, and should have been permitted to prove, if possible, the date on which the Application was postmarked and placed in the mail." *Id.* at 117–118.

This Court, in deciding *Headrick*, relied on *Skolski v. Commissioner of Internal Revenue*, 351 F.2d 485 (3rd Cir.1965), a case appealing the decision of the United States Tax Court based on 26 U.S.C. Section 7502. *See id.* at 117. We too find the reasoning in *Skolski* persuasive on the issue presented here because 26 U.S.C. Section 7502(a)(1) is analogous to Section 287.480.1. Subsection 7502(a)(1) of 26 U.S.C. provides that:

> If any return, claim, statement, or other document required to be filed, or any payment required to be made, within a prescribed period or on or before a prescribed date under authority of any provision of the internal revenue laws is, *after such period or such date, delivered by United States mail [,] ... the date of the United States postmark stamped on the cover in which such return, claim, statement, or other document, or payment, is mailed shall be deemed to be the date of delivery or the date of payment.*

26 U.S.C. Section 7502(a)(1) (emphasis added).

In *Skolski*, 351 F.2d at 487, the court, in applying Section 7502, reasoned that "Section 7502(a) was included in the Code to alleviate some of the hardships resulting from a strict application of the rule [it applied to]." (citing *Bloch v. Commissioner*, 254 F.2d 277, 278–79 (9th Cir.1958)). In that case, the tax court dismissed the taxpayers' petition for redetermination of deficiencies in income tax and fraud penalties for the years 1952 through 1959, and sent notice to the taxpayers on March 26, 1964. *Skolski*, 351 F.2d at 486. Under the relevant IRS Code section, the taxpayers had ninety days thereafter during which to file with the tax court their petition for redetermination. *Id.* The taxpayers sent their petition to the tax court through the United States mail, which was received by the clerk of the court on June 26, 1964, two days after the period of ninety days had expired. *Id.* The tax court dismissed the petition as untimely filed. *Id.* The taxpayers alleged that their petition was actually deposited in the United States mail on June 23, 1964, the eighty-ninth day, and that the petition should have been deemed timely filed. *Id.* at 486–87.

The tax court subsequently permitted the taxpayers to have the postmark examined by a document examiner of the Post Office Department. *Id.* at 487. Based on the examiner's report, the tax court found that the date on the postmark was illegible, and "hence the taxpayers were not entitled to the benefit of [S]ection 7502(a)." *Id.* The Third Circuit Court of Appeals reversed and remanded, stating that "it was error for the [c]ourt to conclude from this finding that the taxpayers were not entitled to the benefit of [S]ection 7502(a)." *Id.* Specifically, the court reasoned that

[t]he operation of th[is] subsection is not by its terms restricted to a date legibly appearing on the face of the postmark.... Under these circumstances[, where the postmark date is illegible and cannot be read from the face of the postmark,] ... it was competent for the taxpayers to establish what the date of the postmark actually was by evidence other than that appearing on the face of the postmark itself. To hold otherwise would be to narrow the scope of [S]ection 7502(a) to a fortuitous application wholly dependent upon the care with which postal employees affixed postmarks and thus unwarrantedly to defeat in part its remedial purposes.... "If the postmark on the envelope or wrapper is not legible, the person who is required to file the document has the burden of proving the time when the postmark was made."

*Id.* at 487–88 (citation omitted).

In *Headrick*, at 118, we held that an applicant should have the opportunity to prove, based on the totality of the circumstances, that the envelope containing an Application for Review was timely mailed and thus filed in compliance with the requirements as set forth in Section 287.480. This Court reasoned that "[d]ue to the factual peculiarity of this case and the remedial nature of [S]ection 287.480, ... the statute here must be construed liberally to permit a disposition of this case on the merits, rather than on technical grounds." *Id.* at 117.

Here, the envelope which contained the Application actually has a postmark date that would, under normal circumstances, be deemed the filing date of Employer's Application for Review of the Workers' Compensation Award to Employee under Section 287.480. However, because the postmark date is illegible and cannot be read from the face of the envelope, it may

only be determined by extrinsic evidence. *Skolski*, 351 F.2d at 488. Accordingly, this case is reversed and remanded to the Commission for an evidentiary hearing for the Employer to prove, if possible, the actual date of the postmark or the date on which the Application for Review was placed in the mail.

REVERSED AND REMANDED WITH DIRECTIONS.

MARY R. RUSSELL, P.J., and CLIFFORD H. AHRENS, J., concur.