Clinton DIXON, Claimant–Appellant,

v.

STOAM INDUSTRIES, INC.,
Employer–Respondent,

and

Division of Employment Security,
Respondent.

No. 27407.

Missouri Court of Appeals,
Southern District,
Division Two.

July 24, 2006.

See also 216 S.W.3d 688, 2007 WL 571494.

Clinton Dixon, pro se.

Marilyn Green and Cynthia Quetsch, Jefferson City, for respondent.

GARY W. LYNCH, Judge.

Appellant Clinton Dixon ("Claimant") appeals the decision of the Labor and Industrial Relations Commission ("Commission") denying his claim for unemployment benefits. The Division of Employment Security ("Division") filed a motion to dismiss this appeal, alleging that Claimant's notice of appeal was not timely filed. We remand the case to the Commission with directions to hold a hearing and determine the date on which Claimant's notice of

appeal was "deemed" filed pursuant to section 288.240 by Claimant's deposit of the notice with the United States Postal Service ("USPS").

A deputy for the Division made an initial determination disqualifying Claimant for unemployment benefits, finding that Claimant was discharged from his employment for misconduct connected with his work. The Appeals Tribunal affirmed the deputy's determination. The Commission affirmed the decision of the Appeals Tribunal by an order mailed to the parties on November 9, 2005. The Commission received Claimant's notice of appeal from the USPS on December 12, 2005, in an envelope bearing the proper amount of postage, but no postmark. The copy of the notice of appeal filed by the Commission in the legal file with this Court pursuant to the mandate of section 288.210 contains a line on the form with the following directions directly underneath: "Date notice of Appeal *filed* (to be filled in by Secretary of Commission)." (Emphasis added). On Claimant's notice of appeal, this line has been completed in handwriting with: "*Received* December 12, 2005 ph [1]." (Emphasis added). Otherwise, the record is silent as to any date of *filing* of Claimant's notice of appeal with the Commission as determined or certified by the Commission.

"An untimely notice of appeal in an unemployment case deprives this Court of jurisdiction to entertain the appeal." *Dorcis v. Div. of Empl. Sec.*, 168 S.W.3d 728, 729 (Mo.App.2005). The Division filed a motion to dismiss Claimant's appeal, contending Claimant's notice of appeal to this Court was untimely. After receiving this motion and reviewing the record filed by the Commission, this Court issued an order directing the parties to address in their briefs the issue of the timeliness of

---

1. Presumably these are the initials of Pamela M. Hofmann, Secretary to the Commission.

the filing of Claimant's notice of appeal. No party briefed this issue as directed.

■ "The right of appeal is purely statutory[,] and where statutes do not give such a right, no appeal exists." *Hooker v. City of Univ. City,* 91 S.W.3d 675 (Mo. App.2002) (citing *Labrier v. Anheuser Ford, Inc.,* 621 S.W.2d 51, 53 (Mo. banc 1981)). Section 288.210 [2] requires that an appealing party's notice of appeal be filed with the Commission within twenty days after the decision of the Commission becomes final.[3] The decision of the Commission becomes final ten days after the date of mailing of the decision to the parties. Section 288.200.2.[4]

The Commission certified that it mailed its decision to Claimant on November 9, 2005. Thus, the Commission's decision became final ten days later on November 19, 2005, and Claimant's notice of appeal was required to be filed twenty days thereafter on Friday, December 9, 2005. Sections 288.200.2 and 288.210; *Wynn v. Manpower Int'l, Inc.,* 189 S.W.3d 180, 181 (Mo.App. 2006). The records of the Commission show that Claimant's notice of appeal was actually received by the Commission on December 12, 2005. The date that the Commission actually receives a notice of appeal is the date of filing, unless section 288.240 mandates an earlier date within which to "deem" the notice of appeal filed. Sections 288.210 and 288.240.

Section 288.240 provides, in relevant part: "Any notice of appeal, application or other paper required under this law to be filed with ... the commission shall, when

mailed to and received by ... the commission, be deemed to be filed as of the date endorsed by the United States post office on the envelope or container in which such paper is received." The records of the Commission show that the envelope containing Claimant's notice of appeal, as received by the Commission on December 12, 2005 from the USPS, had no date endorsed thereon by the United States post office, although it had first class postage affixed and a zip code bar code, which appeared to have been added by the USPS. Clearly, Claimant's notice of appeal had been "mailed to and received by the Commission," bringing it within the parameters of section 288.240. Does the failure of the USPS to endorse a date thereon deprive the Claimant of an appeal in this case if, in fact, Claimant timely deposited the notice of appeal with the USPS? We do not think so.

The lack of or deficiency in a postmark has not previously been addressed in the context of section 288.240 in any unemployment compensation case. However, a line of cases has developed addressing these issues in the context of section 287.480, governing workers compensation claims. If these statutes are substantially similar, we can then look to this line of cases for guidance in resolving this question.

Section 287.480 provides, in part: "Any notice of appeal, application or other paper required under this law to be filed with ... the commission shall, when mailed to

---

2. All statutory references are to RSMo 2000, unless otherwise indicated.

3. Section 288.210 provides, in relevant part: Within twenty days after a decision of the commission has become final, the director or any party aggrieved by such decision may appeal the decision to the appellate court having jurisdiction in the area where

the claimant or any one of the claimants reside ... Such appeal may be taken by filing notice of appeal with the commission[.]

4. Section 288.200.2 provides, in relevant part: "Any decision of the commission shall become final ten days after the date of notification or mailing thereof to the parties[.]"

... the commission, be deemed to be filed as of the date endorsed by the United States post office on the envelope or container in which such paper is received." Except for the omission of the phrase "and received by," the wording of this statute as it applies to this issue is identical to the wording of section 288.240. The Commission referred to in both statutes is the Labor and Industrial Relations Commission. And, lastly, the statutory administrative procedures under Chapter 287 and Chapter 288 are very similar. Because we find that these statutes are substantially similar, the cases decided under these particular provisions of section 287.480 are, by analogy, instructive and persuasive in considering the issue in this appeal under section 288.240.

In *Long v. City of Hannibal,* 670 S.W.2d 567 (Mo.App.1984), the court held that filing was timely under section 287.480 because, although the envelope was not retained by the Commission, there was other evidence that the filing was done in a timely manner. The court held that evidence of a mailing receipt and a letter from the Commission stating the appeal was postmarked on the alleged date were sufficient to show that the application was postmarked within the twenty days as required by section 287.480. *Id.* at 569.

Next, in *Hoenig v. Corrigan Bros., Inc.,* 983 S.W.2d 526 (Mo.App.1998), the court, in considering the application of section 287.480, allowed extrinsic evidence to prove that a notice of appeal was mailed within the statutory time period when the notice was received at the Commission four days late and without a postmarked envelope, because it was first sent to the Department of Workers' Compensation before making it to the Commission. The notice was mailed certified, and counsel received a paid receipt dated the last day for filing, thus proving to the Commission the timeliness of the filing. *Id.* at 527.

Then, in *Headrick v. Jackes-Evans Mfg. Co.,* 108 S.W.3d 114 (Mo.App.2003), the court found that under section 287.480, "where an envelope is postmarked with a date that is in the future and has not yet occurred, and the envelope is mailed prior to that date, reason dictates that the postmark cannot be the actual date the envelope was mailed." [5] *Id.* at 118. Holding that "where it cannot be determined from the face of the envelope when it was actually mailed, such as where the date on the envelope is in the future, the postmark date should be regarded as the equivalent of an illegible date and should be treated accordingly," the court reversed and remanded the case to the Commission for a hearing to determine the correct date the application was filed. *Id.*

Finally, in *Cidlik v. Subsurface Contrs.,* 110 S.W.3d 856 (Mo.App.2003), the Eastern District of our court addressed the effect of an illegible postmark in the context of section 287.480 and held that the appellant should be allowed to present extrinsic evidence "to prove, if possible, the

---

5. "An envelope containing the Application was prepared at the offices of Appellant's attorney and date-stamped at a metered mail machine in the attorney's office. Unfortunately, the envelope was erroneously postmarked as November 16, 2002, instead of September 16, 2002, which was the twentieth and last day for Appellant to mail a notice of appeal." *Headrick,* 108 S.W.3d at 116. "The use of privately controlled postage meters has been accepted to allow metered mail postmarks inscribed on an envelope by a postage meter licensed by the USPS to satisfy the statutory requirement of a 'date endorsed by the United States post office.' *Abrams v. Ohio Pacific Express,* 819 S.W.2d 338, 340, 343 (Mo. banc 1991)." *Id.* The holding in *Abrams,* decided under section 287.480, has been extended by analogy to section 288.240. *Burk v. Labor & Industrial Relations Comm'n., Div. of Empl. Sec.,* 821 S.W.2d 585, 586 (Mo. App.1992).

actual date of the postmark or the date on which the Application for Review was placed in the mail." *Id.* at 861.

In both *Headrick* and *Cidlik*, the Eastern District relied on *Skolski v. Comm'r of Internal Revenue*, 351 F.2d 485 (3rd Cir. 1965), which arose out of a filing under the federal tax code which was deposited with the USPS but delivered with an illegible postmark after the applicable filing deadline. *Headrick*, 108 S.W.3d at 118; *Cidlik*, 110 S.W.3d at 860. In *Skolski*, the court reasoned that the mail rule in question served a remedial purpose because it was "included in the Code to alleviate some of the hardships resulting from a strict application of the" filing deadline in the applicable rule. *Skolski*, 351 F.2d at 487. Holding that "it was competent for the taxpayers to establish what the date of the postmark actually was by evidence other than that appearing on the face of the postmark itself," the court stated: "To hold otherwise would be to narrow the scope of [the mail rule] to a fortuitous application wholly dependent upon the care with which postal employees affixed postmarks and thus unwarrantedly to defeat in part its remedial purposes." *Id.* at 487–88. The Eastern District of our Court found this reasoning persuasive, and so do we.

In the instant case, as well as in each of the above cited cases, the appealing party did all that was required of them; *i.e.*, they deposited their notice of appeal or application with the USPS. Likewise, for one reason or another and each outside the control of the appealing party, a filing date could not be determined from the postmark or the lack thereof. In each situation, the issue before the Court concerns the actual date when the envelope was mailed.

■ We conclude from the above cited line of cases that an appealing party is entitled, and should be permitted to prove, if possible, the date on which the notice of appeal or application was or should have been actually postmarked and placed in the mail. An appealing party may prove by the totality of the circumstances the actual date of the postmark or the actual date the notice of appeal or application was mailed and should have been postmarked. *Cidlik*, 110 S.W.3d at 861; *Headrick*, 108 S.W.3d at 118; *Hoenig*, 983 S.W.2d at 527; *Long*, 670 S.W.2d at 569; *Skolski*, 351 F.2d at 487.

Accordingly, we remand this case to the Commission with directions to hold a hearing and make findings of fact as to the date on which Claimant's notice of appeal is deemed filed, in accordance with section 288.240 as construed in this opinion, certify the date of such filing to this court, and proceed with the appeal in accordance with the requirements of section 288.210. *Hoenig*, 983 S.W.2d at 527.

BATES, P.J., C.J., and GARRISON, J., concur.