Philip R. NEWMARK et al.,
Respondents,

v.

L & R DEVELOPMENT CORP.,
Appellant.

No. 42849.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 21, 1981.

Merle L. Silverstein, Clayton, for appellant.

Patrick Gunn, Creve Coeur, for respondents.

REINHARD, Judge.

Defendant, L & R Development Corp. appeals from a judgment for the amount of a subdivision assessment.

The action was originally brought by plaintiffs, as trustees for Ladue Trails Subdivision, to recover subdivision assessments for the years 1976, 1977, and 1978 from defendant, owner of part of Lot 1 in Ladue Trails Subdivision Plat 2. The subdivision assessment amounted to $25 per year per lot and was provided for in a subdivision sub-indenture which is at the heart of the present controversy.

The subindenture at issue was entitled "Sub-Indenture of Deed Restrictions of Ladue Trails Subdivision Plat 1, a Section of the Village of Green Trails, County of St. Louis, Missouri" and was recorded on February 9, 1965. Plats 1 and 2 of Ladue Trails Subdivision were each recorded separately on the same day. Plat 2 contained a legend on its face stating that:

All lots in this subdivision of Ladue Trails Section of the Village of Green Trails Plat 2 are subject to conditions and restrictions contained in [Sub]-Indenture of Deed Restrictions of Ladue Trails section of the Village of Green Trails Plat 1 . . . ."

Other plats were subsequently recorded until there were a total of eight separately recorded plats made subject to the subdivision sub-indenture.

The sub-indenture itself set forth a means by which it could be amended or discontinued. Specifically, the sub-indenture stated that: "This Indenture of Trust and Restrictions and any part thereof may be altered, amended or discontinued by a written agreement signed by the then record owners of the fee simple title of two-thirds (⅔) of the lots in the Subdivision then included under the terms of this Indenture."

In July, 1974, the owners of all seven lots in Plat 2 executed an instrument by which the owners provided for a total discontinuance and termination as to Plat 2 of the sub-indenture. The agreement was submitted to the trustees for certification pursuant to the terms set forth in the sub-indenture, but the trustees refused to certify it. Thereupon the agreement was recorded without the trustees' certification.

The question presented before this court is whether the agreement to discontinue the sub-indenture executed by the lot owners of Plat 2 rather than two-thirds of the lot owners of all plats subject to the sub-indenture, was effective in terminating the sub-indenture with respect to Plat 2. The resolution of this issue depends upon an interpretation of the sub-indenture as to whether the sub-indenture applies to each plat as a separate subdivision or as part of one overall subdivision.[1]

The rules governing construction of contracts imposing restrictions on the use of realty are the same as those applicable to any covenant or contract, including the rule that the clear intention of the covenantor should govern. *Pellegrini v. Fournie*, 501 S.W.2d 564, 565 (Mo.App.1973). The inten-

1. This is not the first time the court has been confronted with a question involving interpretation of a portion of the sub-indenture. *See* *Dubail v. Green Trails Plaza, Inc.*, 587 S.W.2d 934 (Mo.App.1979).

tion of the parties is determined from the plain meaning of the language used, taken in the light of the entire context of the instrument. *Tracy v. Klausmeyer*, 305 S.W.2d 84, 89 (Mo.App.1957). However, restrictions upon the use of land must either be expressly stated or clearly inferable from the writing, and any ambiguity must be resolved in favor of free use of the property. *Campbell v. Stout*, 408 S.W.2d 585, 588–89 (Mo.App.1966).

■ In considering the context of the sub-indenture, we note that the intent and purpose of this instrument are clearly set forth in its preamble. Specifically, the following clauses in addition to the clauses of the sub-indenture already cited are significant.

WHEREAS, Party of the First Part now desires to proceed with the development of its property lying within said Village of Green Trails Subdivision . . . by filing . . . a plat entitled Ladue Trails Section of the Village of Green Trails Plat 1; WHEREAS, Party of the First Part contemplates that the remainder of its properties lying within the Village of Green Trails shall also be subdivided and that plats thereof, designated Ladue Trails Subdivision Plat 2, Plat 3, etcetera, will be prepared and recorded in the St. Louis County Records pursuant to and in conformance with the aforesaid Order;

. . . .

WHEREAS, it is the purpose and intention of this Sub-Indenture to preserve the remainder of said tract of land, not including the "Common Land," as a restricted neighborhood and to protect the same against certain uses by the adoption of a common neighborhood plan and scheme of restrictions, and to apply that plan and restriction not only to all of said land and every parcel, but also in favor of or against said parcel as against or in favor of all other parcels within said residential area . . . ;

. . . .

NOW, THEREFORE, in consideration of the premises and of the mutual promises, covenants, and agreements made by the Parties hereto each to the other, the Parties hereto covenant and agree to and with each other, collectively and individually, for themselves, their heirs, successors and assigns, and for and upon behalf of all persons who may hereafter derive title to or otherwise hold through them, their heirs, successors or assigns, any of the lots and parcels of land in Ladue Trails Subdivision, Plat 1, and in such further plats of Ladue Trails Subdivision (for which these restrictions are adopted) from the aforesaid described property, all as described herein as follows, . . . .

These provisions reflect the clear intent of the covenantors to provide for a common development of the plats as a single entity. The sub-indenture provides that the preparation and recordation of subsequent plats encompassing the remainder of the developer's land was contemplated, that the sub-indenture represented an agreement to provide for an overall comprehensive development plan, that the purpose of the sub-indenture was to preserve the tract as a restricted neighborhood, and that the rights of enforcement were granted to title holders of lots in Plat 1 and in subsequent plats for which the restrictions were adopted. It is clearly evident that the intent of the developers was that the sub-indenture would be applicable to the Ladue Trails Subdivision, consisting of the plats encompassing the entire tract. Thus, as each subsequent plat was processed and made subject to the original indenture, it was incorporated into the restricted subdivision as a whole. This intent is given effect throughout the provisions of the sub-indenture. With respect to the reelection of trustees under certain circumstances, the indenture provides that "a meeting of the record owners of the fee simple title of all lots according to all then recorded plats of Ladue Trails Subdivision (to which this Indenture shall apply) shall be called." Clearly this provision refers to *all* incorporated plats.

Defendant argues that Plat 2 of Ladue Trails Subdivision is a separate subdivision, and that the owners of more than two-

thirds of the lots therein were authorized, under the terms of the sub-indenture, to discontinue the indenture, as to Plat 2, without the consent of the owners of lots in other plats which had adopted the indenture. Defendant points out that the indenture refers to "two-thirds (⅔) of the lots in the Subdivision then included in the terms of this indenture." Defendant contends that the use of the singular term "the Subdivision," and the fact that the indenture was first recorded for a single plat shows that each plat was to be considered a separate subdivision. It further notes that Section 1005.430, Ordinances of St. Louis County, provides that "every subdivision of land within the unincorporated area of St. Louis County shall be shown upon a *plat.* (emphasis added.)

The language of the indenture as a whole, however, does not support defendant's contentions. The indenture itself distinguishes between Ladue Trails Subdivision and Ladue Trails Subdivision Plat 1, stating: "The property described above comprising Ladue Trails Subdivision, Plat 1, and all subsequent sections of Ladue Trails Subdivision . . . ." Further, the use of "Ladue Trails Subdivision" consistently throughout the sub-indenture to refer to all recorded plats, and the fact that in the indenture, the term "subdivision" is suffixed by the phrase "then included" refutes the logic of defendant's argument.

Defendant's evidence as to the county ordinance, the procedures used in the filing and recording of plats, and the recording customs followed in St. Louis County is not controlling on the issue of the intentions of the parties. Considering the plain meaning of the language used within the sub-indenture, and the intent and purpose of the sub-indenture, the language of the sub-indenture is clear and unambiguous. The term "subdivision" within the termination clause necessarily refers to an entity composed of all plats which have been developed from the initial tract, and which have incorporated the provisions of the sub-indenture by reference.

In the present case, the withdrawal agreement executed by the owners of all lots within Plat 2 was not signed by two-thirds of the lot owners in Ladue Trails Subdivision as provided by the terms of the sub-indenture. Therefore, the agreement did not effectively terminate the sub-indenture with respect to Plat 2 and the judgment against defendant for the subdivision assessment must stand.

Judgment affirmed.

CRIST, P. J., and SNYDER, J., concur.