**LAKE SAINT LOUIS COMMUNITY ASSOCIATION, Plaintiff-Respondent,**

v.

**Patricia RINGWALD, Defendant-Appellant.**

**No. 43309.**

Missouri Court of Appeals, Eastern District, Division One.

March 29, 1983.

---

**2.** At trial defendant also admitted that he knew that on rehabilitation work architects' fees ran from 8% to 10%.

Lester W. Duggan, Jr., St. Peters, for defendant-appellant.

Frederick W. Drakesmith, Cundiff, Turken & Londoff, St. Charles, for plaintiff-respondent.

STEPHAN, Judge.

Defendant Patricia Ringwald appeals from a judgment against her in the amount of $2,226.50 plus costs, for assessments previously unpaid as to defendant's property. The defendant acquired title by warranty deed to a lot in Lake Saint Louis Subdivision in St. Charles County in 1969. The deed contained a provision, subjecting the property to Declarations of Covenants and Restrictions established by plaintiff, a community association authorized by the covenants to make and collect assessments against owners of property in the subdivision. The covenants provided for annual assessments on the basis of lot and living unit type, and for increases as voted on by

the association members. Plaintiff Lake Saint Louis Community Association brought an action against defendant for the balance due for the period from 1972 through 1979. For the reasons set out below, we affirm the trial court's award of $2,226.50, representing assessments, interest, and attorneys' fees plus costs.

With commendable candor, defendant conceded in her brief that "there is no real dispute with respect to the Plaintiff's general authority to make and collect assessments according to certain recorded covenants and restrictions pertaining to certain property in Lake Saint Louis." She contends, however, that plaintiff failed to show by substantial evidence that plaintiff's authority extended to Lake Saint Louis, Plat 6, which is where her property is located. The warranty deed to defendant, indeed, describes her property as "Lot 110 of Lake Saint Louis Plat 6 according to plat thereof recorded . . . in the office of the Recorder of Deeds in St. Charles County, Missouri," but it also provides that it is subject "to easements and Declarations of Covenants and Restrictions of record . . . " The trial court properly looked to plaintiff's exhibit four (the Declarations) which recited that the Lake Saint Louis Estates Company had caused to be incorporated the Lake Saint Louis Community Association (plaintiff herein) as a not-for-profit corporation. The function of the association was to establish and develop a residential community subject to the covenants and restrictions set forth therein. The Declarations were recorded in the office of the St. Charles County Recorder of Deeds on July 7, 1967, some two years prior to defendant's acquisition of her property.

The Declarations contemplated additions to the land referred to therein, "provided that the land so added shall at that time be bound by all of the terms of this Declaration . . . " Among the terms was the schedule of annual assessments which defendant admittedly had not paid and for which plaintiff sought recovery, both as originally levied and as subsequently increased by vote of the landowners within the development.

■ The defendant's contention that the trial court erred in finding a nexus between the property referred to in exhibit 4 and defendant's property is not well taken. The defendant's deed showed the grantor to be the Lake Saint Louis Estates Company, and the property described is shown as being located at Lake Saint Louis. Reference in the deed to the "Covenants and Restrictions" of record served notice of their existence. Cf. *Newmark v. L & R Development Corp.,* 615 S.W.2d 118 (Mo.App.1981). Moreover, notice to defendant did not cease upon her acquisition of the property, as the covenants bind her to "any future modifications thereof" by the other landowners.

■ The defendant asserts that the evidence was inadequate to support a finding that she was notified by mail of an association meeting to consider increasing the assessments. The evidence was sufficient for the trial court to so find.

An administrative assistant for the Association testified at trial that she assisted in mailing the meeting announcement and the subsequent letter stating the assessment for the coming year. She retained a computer printout with label listings of the members to show notices were to be sent and kept a copy of the members' names. The defendant's name was included in the list, along with her correct address. No envelopes sent to defendant were returned. Although the witness' recollection was not specific, she testified that either she or one of the other few people assisting in the mailings actually put the letters in the mail.

■ As to proof of mailing under Missouri law, the rule which incorporates a presumption of delivery requires proof that the letter was put in an envelope with the correct address of the recipient, with sufficient postage and placed in the mail. *Hood v. M.F.A. Mutual Insurance Company,* 379 S.W.2d 806, 809 (Mo.App.1964). Direct proof, however, may be impractical for offices which handle a large amount of mail. In view of the volume of mail involved and

in the absence of evidence that defendant did not receive her notice, evidence of " 'settled custom and usage of [the sender's] office, regularly and systematically followed in the transaction of its business' " was enough. *First National Bank of Independence v. Mid-Century Insurance Company,* 559 S.W.2d 50, 52 [1] (Mo.App.1977). As we dispose of the notice issue, we therefore conclude that plaintiff complied with the procedures in the Declaration of Covenants for changing the basis and maximum of annual assessments. Given our determination that the trial court's judgment was supported by substantial evidence, *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976), we affirm the judgment as entered below.

We have considered all of the issues raised by defendant on this appeal and have concluded that an extended opinion would have no precedential value. Rule 84.16(b).

Affirmed.

STEWART, P.J., and CRANDALL, J., concur.