

# In the Missouri Court of Appeals
## Eastern District
### DIVISION THREE

| | | |
|---|---|---|
| SAMUEL MARCIANTE, | ) | ED102994 |
| | ) | |
| Appellant, | ) | Appeal from the Labor and Industrial |
| | ) | Relations Commission |
| vs. | ) | |
| | ) | |
| THE TREASURER OF MISSOURI AS | ) | |
| CUSTODIAN OF THE SECOND | ) | |
| INJURY FUND. | ) | |
| | ) | |
| Respondent. | ) | FILED: December 8, 2015 |

The claimant, Samuel Marciante, appeals the decision of the Labor and Industrial Relations Commission awarding him permanent partial-disability benefits as the result of work-related injuries he sustained in 2009. The claimant contends that he should have received an award for permanent total-disability benefits because he is permanently and totally disabled as the result of combined disabilities from his 2009 injury and pre-existing disabilities. The Second Injury Fund has filed a motion to dismiss, contending that the claimant's notice of appeal is untimely. We grant the motion.

The Commission rendered its final award on April 1, 2015. Under section 287.495.1 RSMo. (2000), the notice of appeal was due within 30 days of the date of the final award of the Commission.[1] Thus, the claimant's notice of appeal was due on or before May 1, 2015. The claimant's notice of appeal, however, was not filed until May 14, 2015. No provision exists for

---

[1] All statutory references are to RSMo. (2000) except as otherwise indicated.

filing a late notice of appeal while section 287.800 RSMo. (Supp. 2013) requires us to "construe the provisions of this chapter strictly." Consequently, we must dismiss the appeal.

The parties do not disagree about what happened. On April 30, 2015, claimant placed the notice of appeal in the U.S. mail to the Commission, but placed inadequate postage on the envelope. As a result, the Commission refused the mail, and the post office returned it. The postal service stamp on the envelope read "Return to Sender / Refused by Addressee / Postage Due $__.92__" and below that language contained a date of May 9, 2015. On May 14, 2015, the claimant placed the original envelope and its contents in a new envelope, with postage, and mailed it. The Commission received this second mailing. The Commission concluded that the notice of appeal was filed on May 14, 2015, observing that the prior envelope did not bear a U.S. Postal Service cancellation mark, but only a private postage-meter stamp of April 30, 2015.

The Commission and the claimant seem to have been distracted by the question of whether a postmark from a private postage meter constitutes sufficient endorsement by the U.S. Postal Service.[2] The issue, however, is whether the notice of appeal was timely filed when the Commission did not receive it until after the claimant re-mailed it outside the 30-day time limit.

Section 287.480.1 provides in pertinent part:

> Any notice of appeal, application or other paper required under this law to be filed with the division or the commission shall, when mailed to or transmitted by electronic facsimile meeting the requirements of the division *and received by the division or the commission*, be deemed to be filed as of the date endorsed by the United States post office on the envelope or container in which such paper is *received*, or the date received if filed by facsimile.

(Emphases added.)

---

[2] In *Abrams v. Ohio Pacific Exp.*, 819 S.W.2d 338, 343 (Mo. banc 1991), the Supreme Court concluded that a date inscribed on an envelope by a licensed postage meter and delivered to the addressee by the United States post office is the date "endorsed by the United States post office on the envelope."

No provision exists for filing a late notice of appeal in a workers' compensation case. Section 287.480 does not provide for late filing and does not create an exception for untimely filings either for good cause or for ignorance of the law. *Headrick v. Jackes-Evans Mfg. Co.*, 108 S.W.3d 114, 117 (Mo. App. E.D. 2003). A filing received by the Commission outside the specified period is considered timely only when the claimant mailed the filing within the required time limit, and the U.S. postal service "endorses the mailing *and delivers it to the addressee.*" *Id.* at 116 (emphasis added). Furthermore, in a workers' compensation case, no mechanism exists to seek a special order for a late notice of appeal under Rule 81.07. *Mansfield v. TG Missouri Corp.*, 149 S.W.3d 895, 896 (Mo. App. E.D. 2004). In addition, the Workers' Compensation Law requires this Court to construe the law's provisions strictly. Section 287.800 RSMo. (Supp. 2013). In this case, the Commission rendered its final decision on April 1, 2015, and filing of the claimant's notice of appeal was due 30 days later, on May 1, 2015.

Section 287.480.1 requires a notice of appeal to be mailed to the Commission within 30 days of the award in order to constitute timely filing. Neither the statute nor the Commission's regulations define the term "mailed." Under Missouri law, generally, proof of mailing requires proof that the paperwork was placed in an envelope with sufficient postage and the recipient's correct address, and placed in the mail. *Nichols v. Mama Stuffeati's*, 965 S.W.2d 171, 175 (Mo. App. W.D. 1997), *overruled on other grounds, Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220 (Mo. banc 2003); *Lake St. Louis Community Ass'n v. Ringwald*, 652 S.W.2d 158, 160 (Mo. App. E.D. 1983). Proof these requirements were met raises a presumption of delivery. *Id.* The caselaw requires sufficient postage to constitute proof of mailing.

In addition, for timely filing, section 287.480.1 requires not only that the notice of appeal be mailed, but that it be received by the Commission. When engaging in statutory construction,

3

we should not interpret statutes so as to render some of their phrases to be mere surplusage. *Crack Team USA, Inc. v. Am. Arbitration Ass'n*, 128 S.W.3d 580, 581 (Mo. App. E.D. 2004). We must presume that the legislature included every word of a statute for a purpose, and that every word has meaning. *Id.* at 581-82. Section 287.480.1 twice refers to the requirement for receipt by the Commission, and we cannot disregard this language. *See also, Headrick*, 108 S.W.3d at 116 (application for review *received by Commission* outside permitted time deemed timely "only if the papers are mailed within the twenty days and the [U.S. Postal Service] endorses the mailing *and delivers it to the addressee*.")(emphases added).

Here, the Commission did not receive the envelope postmarked April 30, 2015 containing the claimant's notice of appeal. The envelope was refused because of insufficient postage, as shown by the U.S. Postal Service sticker. We find no evidence that the Commission received the envelope. In fact, the evidence shows the contrary—that the Commission refused the envelope for insufficient postage, and so did not receive it. Missouri law requires proof that the letter was placed in an envelope, with the correct address of the recipient, with sufficient postage, and placed in the mail. *Hills v. McComas Rentals, Inc.*, 779 S.W.2d 297, 299 (Mo. App. W.D. 1989). Without sufficient postage, no presumption exists that the envelope was delivered to the Commission. *Lake St. Louis*, 652 S.W.2d at 160.

The claimant has argued that the envelope postmarked April 30, 2015 was indeed received by the Commission. He contends that the envelope containing his notice of appeal was physically delivered to the Commission's office, but that the Commission then refused it because postage was due. The claimant points to neither law nor fact to support this speculation. In fact, the envelope was addressed to the Commission's post office box. Furthermore, the U.S. Postal Service's *Domestic Mail Manual* provides that mail received at either the office of mailing or at

4

the delivery address without enough postage is marked to show the total postage and fees due. *Domestic Mail Manual*, 600 Basic Standards for All Mailing Services, 604 Postage Payment Methods and Refunds, 8.0 Insufficient or Omitted Postage, Insufficient Postage, 8.1.1, http://pe.usps.com/text/dmm300/604.htm#1080945. "Such individual pieces (or quantities fewer than 10) are delivered to the addressee *on payment of the charges marked on the mail.*" *Id.* (emphasis added). When an addressee refuses first class mail with insufficient postage, the U.S. Postal Service returns the mail to the sender "with the reason for *nondelivery*" if the mail contains a return address. *Id.* at 8.1.2.a (emphasis added). Given the cited U.S. Postal Service procedure and the lack of support for the claimant's argument, we cannot conclude that the Commission actually received the notice of appeal, but then refused it because the Commission was unwilling to pay the postage due. Instead, we hold that the claimant did not fulfill the statutory requirement that the Commission receive a timely notice of appeal.

We have considered a similar situation in the unemployment-compensation context. *Bass v. Yong Min Kim*, 101 S.W.3d 333, 334 (Mo. App. E.D. 2003). There, we relied on section 288.240, which governs filing of unemployment-compensation appeals and contains language virtually identical to that in section 287.480.1.[3] *Id.* Under section 288.240, a notice of appeal mailed to and received by the Commission will be considered filed as of the date endorsed on the envelope in which the notice of appeal is enclosed. *Id.* The notice of appeal received by the Commission in *Bass* was mailed, and thus was filed, one day late after the claimant in that case

---

[3] Section 288.240 provides in relevant part:

> Any notice of appeal, application or other paper required under this law to be filed with the division or the commission shall, when mailed to and received by the division or the commission, be deemed to be filed as of the date endorsed by the United States post office on the envelope or container in which such paper is received.

5

reportedly had "postage problems" and had to re-mail his notice of appeal. *Id.* We dismissed the *Bass* appeal as a result of the claimant's late filing. *Id.* at 335.

Therefore, we grant the Second Injury Fund's motion and dismiss this appeal because the claimant failed to timely file his notice of appeal.

LAWRENCE E. MOONEY, JUDGE

ROBERT M. CLAYTON III, P.J., and
JAMES M. DOWD, J. concur.