

# Missouri Court of Appeals

### Southern District

### Division Two

DAVID KEELER, )
)
    Employee-Respondent, )
)
v. )    No. SD36432
)    Filed: May 26, 2020
ASSOCIATED WHOLESALE )
GROCERS, INC., )
)
    Employer-Appellant, )
)
and TREASURER OF THE STATE OF )
MISSOURI, as CUSTODIAN of the )
SECOND INJURY FUND, )
)
    Respondent. )

### APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS COMMISSION

### **AFFIRMED**

Associated Wholesale Grocers, Inc. (Employer) has appealed from a decision by the Labor and Industrial Relations Commission (Commission) dismissing Employer's application for review as untimely. Because we agree with the Commission's decision that Employer's application was not timely filed as required by § 287.480.1, we affirm the dismissal.[1]

---

[1] All references to statutes are to RSMo (2016).

A brief recitation of the facts will suffice, given the issue presented by this appeal. An award after hearing in favor of David Keeler (Employee) was entered by an administrative law judge (ALJ) and delivered to the parties on March 26, 2019. In relevant part, the cover letter stated:

> Under the provisions of the Missouri Workers' Compensation Law, an Application for Review of the decision of the Administrative Law Judge may be made to the Missouri Labor and Industrial Relations Commission within twenty (20) days of the above date …. If an Application for Review (MOIC-2567) is not postmarked or received within twenty (20) days of the above date, the enclosed award becomes final and no appeal may be made to the Commission or to the courts.

The 20-day time period expired on April 15, 2019.

Employer's application for review was filed by the Commission on April 17, 2019. The Commission issued an Order to Show Cause why the application should not be dismissed as untimely. The order stated that: (1) the Commission received Employer's application for review on April 22, 2019; (2) the application was received via the United States Postal Service; and (3) the markings on the envelope containing the application bore a private postage meter mark that affixed a mailing date of April 17, 2019.

In Employer's response to the show cause order, it stated that a paralegal for the Employer's attorney placed documents, including Employer's original application for review, into a large, flat envelope:

> Postage was placed on the envelope via private postage meter. An insufficient amount of postage was placed on the flat envelope and it was returned to the law firm for Employer/Insurer due to insufficient postage. The documents were placed in a new flat envelope and were resent to The Labor and Industrial Relations Commission with correct postage on April 17, 2019.

Employer argued that neither Employee nor the Second Injury Fund was prejudiced because they received copies of Employer's application on April 9, 2019.

2

On October 18, 2019, the Commission issued an order stating that "[t]he Commission does not have statutory authority to consider employer/insurer's application for review because it was not timely filed." The Commission stated that "[t]his result follows from the plain language of § 287.480.1[.]" This appeal followed.[2]

Employer presents one point for decision. It contends the Commission erred by dismissing the application for review because: (1) Employer mailed the application on April 9, 2019; and (2) § 287.480.1 should be liberally construed to permit review on the merits. We disagree.

Employer's point challenges the Commission's decision concerning its statutory authority to consider Employer's application for review. This is a question of law which we review *de novo*. See ***Spradling v. SSM Health Care St. Louis***, 313 S.W.3d 683, 686 (Mo. banc 2010); ***Morris v. Captain D's***, 537 S.W.3d 420, 423 (Mo. App. 2018).

An application for review must be made to the Commission within 20 days from the date of the award. § 287.480.1. The ALJ's award was entered on March 26, 2019. Therefore, the 20-day time period expired on April 15, 2019, which was a Monday. Employer mailed its original application to the Commission. The filing date for a mailed application for review is determined in the following manner:

> Any notice of appeal, application or other paper required under this law to be filed with the division or the commission shall, when mailed to … and received by the division or the commission, be deemed to be filed as of the date endorsed by the United States post office on the envelope or container in which such paper is received[.]

---

[2] After the notice of appeal was filed, the attorney who represented Employer before the Commission withdrew. The appeal has been handled by a different law firm that entered its appearance for Employer.

§ 287.480.1. Employer's first attempt at mailing failed because the envelope did not have sufficient postage. The second attempt, which corrected that problem, occurred on April 17, 2019. Employer's application for review was not received by the Commission until April 22, 2019. The Commission determined that the filing date for Employer's application was April 17, 2019. For the following reasons, the Commission's application of § 287.480.1 to these facts was correct.

Contrary to Employer's argument, we are required to strictly construe this statute. *See* § 287.800; ***Marciante v. Treasurer of Missouri as Custodian of the Second Injury Fund***, 477 S.W.3d 704, 705 (Mo. App. 2015). The dispositive issue on appeal is when Employer "mailed" and the Commission "received" Employer's application, as those words are used in § 287.480.1.

These same issues were addressed by the eastern district of this Court in ***Marciante*** in deciding whether the employer's notice of appeal was timely pursuant to § 287.480.1. There, the employer's notice of appeal was due by May 1, 2015. The employer placed its notice of appeal in the mail with insufficient postage, so the envelope was returned. It was mailed a second time with sufficient postage on May 14th, received by the Commission, and treated as filed on May 14th. ***Marciante***, 477 S.W.3d at 705. The eastern district concluded that the employer's notice of appeal was untimely pursuant to § 287.480.1. *Id*. In construing the relevant language in that statute, the Court held:

> Section 287.480.1 requires a notice of appeal to be mailed to the Commission within 30 days of the award in order to constitute timely filing. Neither the statute nor the Commission's regulations define the term "mailed." Under Missouri law, generally, proof of mailing requires proof that the paperwork was placed in an envelope with sufficient postage and the recipient's correct address, and placed in the mail …. Proof these requirements were met raises a presumption of delivery. The caselaw requires sufficient postage to constitute proof of mailing.

*Id*. at 706 (citations omitted). The eastern district also held that receipt by the Commission was required for mailing to be effective:

> In addition, for timely filing, section 287.480.1 requires not only that the notice of appeal be mailed, but that it be received by the Commission. … Section 287.480.1 twice refers to the requirement for receipt by the Commission, and we cannot disregard this language. Here, the Commission did not receive the envelope postmarked April 30, 2015 containing the claimant's notice of appeal. The envelope was refused because of insufficient postage, as shown by the U.S. Postal Service sticker. We find no evidence that the Commission received the envelope. In fact, the evidence shows the contrary – that the Commission refused the envelope for insufficient postage, and so did not receive it. Missouri law requires proof that the letter was placed in an envelope, with the correct address of the recipient, with sufficient postage, and placed in the mail. Without sufficient postage, no presumption exists that the envelope was delivered to the Commission.

*Id*. at 706-07 (citations omitted).

We agree with the eastern district's construction of § 287.480.1. The Commission correctly followed that analysis when it decided that Employer's application for review was not timely. Employer's first mailing, which lacked sufficient postage and was not received by the Commission, did not meet the mailing and receipt requirements of § 287.480.1. Employer's second mailing, which had sufficient postage and was received by the Commission, was untimely because the mailing and receipt occurred after the time for filing an application for review had expired.

Employer's point is denied, and the Commission's decision is affirmed.


JEFFREY W. BATES, C.J. – OPINION AUTHOR

DANIEL E. SCOTT, P.J. – CONCUR

MARY W. SHEFFIELD, J. – CONCUR

5