

# SUPREME COURT OF MISSOURI
## en banc

| | | |
|---|---|---|
| MARYANN GRAY, | ) | *Opinion issued November 21, 2023* |
| | ) | |
| Respondent/Cross-Appellant, | ) | |
| | ) | |
| v. | ) | No. SC99995 |
| | ) | |
| HAWTHORN CHILDREN'S | ) | |
| PSYCHIATRIC HOSPITAL/ | ) | |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Appellant/Cross-Respondent, | ) | |
| | ) | |
| AND | ) | |
| | ) | |
| TREASURER OF THE STATE | ) | |
| OF MISSOURI, AS CUSTODIAN | ) | |
| OF THE SECOND INJURY FUND, | ) | |
| | ) | |
| Cross-Respondent. | ) | |

**APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS COMMISSION**

Hawthorn Children's Psychiatric Hospital ("Hawthorn") appeals the Labor and

Industrial Relations Commission's ("Commission") decision finding Maryann Gray's

applications for review were timely filed pursuant to section 287.480[1] and overruling

---

[1] All statutory references are to RSMo 2016 except as otherwise indicated.

Hawthorn's motion to strike. On appeal, Hawthorn challenges the Commission's finding. Because the Commission did not err in finding Gray's applications were timely filed, the Commission's decision is affirmed.

**Background**

Gray was a registered nurse at Hawthorn. She filed three workers' compensation claims for injuries sustained during her employment at Hawthorn in 2012, 2013, and 2014. An administrative law judge denied Gray benefits on September 12, 2019, concluding Gray had failed to meet her burden on all claims.

Pursuant to section 287.480, Gray had 20 days from the date of the final awards— until October 2, 2019—to file applications for review with the Commission. Gray attempted to mail her applications for review through the United States Postal Service on September 30, 2019. The postal service, however, returned the mailing to her due to insufficient postage. On October 16, 2019, after the 20-day period had expired, Gray sent her applications via facsimile to the Commission. She then attempted to mail her applications a second time through the postal service on October 29, 2019. In the October 29 mailing, Gray included her original applications for review along with the original envelope that was sent on September 30. The Commission received the October 29 mailing on November 1.

Hawthorn filed a motion to strike Gray's applications, arguing the applications were untimely. Gray responded, arguing the postal service incorrectly declared the September 30 mailing had insufficient postage. The Commission remanded the case to the Division of Workers' Compensation to take evidence regarding whether: (1) Gray's

applications were mailed to the Commission; (2) the Commission or Division received the applications; and (3) the postal service endorsed the mailing of the applications before the end of the 20-day appeal period.

At the remand hearing, Gray offered testimony and exhibits regarding the September 30 mailing. Gray produced the envelope that allegedly included her original applications for review. Six "Forever" stamps were affixed to the envelope, and the envelope was stamped with three postal service postmarks that read "USPS – Mail SEP 30 2019." The envelope also read "REFUSED BY / ADDRESSEEE/ POSTAGE DUE $1.09." The Commission's mailing address, though obstructed by stickers placed by the postal service, was visible through a strong light. Gray also produced an internet postal service price calculator and a photograph of the scale her attorney's office used to weigh mail. Two witnesses testified at the hearing for Gray— the law firm's paralegal and the office manager. The paralegal testified she weighed the envelope containing Gray's applications on the law office's mail scale, the parcel was approximately 4.5 ounces, and she placed six Forever Stamps on the envelope—a value of $3.30. The office manager testified she verified the postage needed to mail the applications on the postal service price calculator from USPS.com, and, according to the price calculator, $1.60 was the amount of postage necessary.

After the hearing, the Commission found Gray timely filed her applications by mailing them to the Commission with sufficient postage on September 30, 2019, and the applications were returned due to a postal service error. Although the October 29 mailing was untimely, it contained the original, returned September 30 mailing, bearing the

3

September 30, 2019, postal service postmark. Because the September 30 mailing was returned due to postal service error, the Commission deemed Gray's applications filed on September 30, 2019. On February 10, 2022, the Commission issued final awards, affirming the denial of benefits as to the 2012 injury but ordering Hawthorn to pay Gray partial permanent disability benefits for the 2013 and 2014 injuries. Hawthorn now appeals the Commission's decision.[2]

### Standard of Review

The Commission's decision must be supported by competent and substantial evidence upon the entire record. Mo. Const. art. V, sec. 18. On appeal, the Commission's factual findings "shall be conclusive and binding" in the absence of fraud, and "no additional evidence shall be heard." Section 287.495.1. "This Court also defers to the Commission's determinations as to the credibility of witnesses and the weight given to conflicting evidence." *Annayeva v. SAB of TSD of St. Louis*, 597 S.W.3d 196, 198 (Mo. banc 2020). On appeal, this Court:

> shall review only questions of law and may modify, reverse, remand for rehearing, or set aside the award upon any of the following grounds and no other:
>
> (1) That the commission acted without or in excess of its powers;
>
> (2) That the award was procured by fraud;
>
> (3) That the facts found by the commission do not support the award;
>
> (4) That there was not sufficient competent evidence in the record to warrant the making of the award.

---

[2] After an opinion by the court of appeals, this Court granted transfer. Mo. Const. art. V, sec. 10.

Section 287.495.1(1)-(4).

## Analysis

The issue in this case is whether the Commission erred in determining Gray timely filed her applications for review pursuant to section 287.480. Section 287.480.1 provides, in relevant part:

> If an application for review is made to the commission within twenty days from the date of the award, the full commission, if the first hearing was not held before the full commission, shall review the evidence, or, if considered advisable, as soon as practicable hear the parties at issue, their representatives and witnesses and shall make an award and file it in like manner as specified in section 287.470. Any notice of appeal, application or other paper required under this law to be filed with the division or the commission shall, **when mailed to or transmitted by electronic facsimile meeting the requirements of the division and received by the division or the commission, be deemed to be filed as of the date endorsed by the United States post office on the envelope or container in which such paper is received, or the date received if filed by facsimile.**

(Emphasis added).

Section 287.480 requires an application sent by mail be: (1) endorsed by the postal service; and (2) received by the Commission. Commission decisions interpreting law are reviewed for correctness without deference to the Commission's judgments. *Headrick v. Jackes-Evans Mfg. Co.*, 108 S.W.3d 114, 117 (Mo. App. 2003).

### I. Jurisdiction to Accept Gray's Applications as Timely

Hawthorn argues the Commission's order accepting Gray's applications as timely exceeded its powers, because, pursuant to section 287.480, none of Gray's applications were timely filed. Hawthorn alleges: (1) the postal service never endorsed the September 30 mailing; and (2) the Commission never received the September 30 mailing. Further,

5

Hawthorn argues the Commission's finding that the September 30 mailing was returned based on postal service error is not supported by substantial and competent evidence because there was no evidence the postal service endorsed the mailing with sufficient postage.

### A. Endorsement Pursuant to Section 287.480

Under section 287.480, if an application is mailed through the postal service and received by the Commission, "the postmark (the date endorsed by the United States Postal Service on the envelope or container in which the Application is received), will be deemed the filing date, notwithstanding its actual delivery at a later date." *Cidlik v. Subsurface Contractors*, 110 S.W.3d 856, 858 (Mo. App. 2003).[3]

Hawthorn alleges the postal service concluded the September 30 mailing did not have sufficient postage and, consequently, the postal service never "endorsed" the mailing. This Court discussed the meaning of "endorsed" as used in section 287.480 in *Abrams v. Ohio Pacific Express*, 819 S.W.2d 338 (Mo. banc. 1991).[4] In *Abrams*, this Court held the date inscribed on an envelope by a licensed postage meter and delivered to an addressee by the postal service is the date "endorsed by the United States post office"

---

[3] In *Cidlik*, the Commission dismissed the employer's application for review because it was untimely. 110 S.W.3d at 857. The date the postal service endorsed on the envelope containing the employer's application was illegible, so the Commission utilized the date the application was received as the filing date. *Id.* The court of appeals reversed and remanded the case back to the Commission for an evidentiary hearing regarding the actual date of the postmark or the date the application was placed in the mail. *Id.* at 857-58.

[4] Although *Abrams*'s construction of section 287.480 predates the 2005 amendments requiring workers' compensation laws to be strictly construed, *Abrams*'s reasoning remains instructive in determining the type of endorsement intended by section 287.480.

6

under section 287.480. *Id.* at 343. Although the issue was not squarely before the Court in *Abrams*, this Court suggested the meaning of "endorsed" as used in section 287.480 could also mean "the date inscribed on the envelope by an employee of the post office." *Id.* at 340.

Here, the Commission determined there was a September 30, 2019, postal service endorsement on the envelope. Photographs of the original envelope show the postal service stamped the envelope three times with a postmark dated "SEP 30 2019"—within the 20-day period Gray had to file her applications. As this Court discussed in *Abrams* and the court of appeals acknowledged in *Cidlik*, the type of endorsement contemplated by section 287.480 would include a postmark—an official marking placed on an envelope by the postal service indicating the date of mailing. As the Commission found, that type of endorsement was present here.

Further, despite Hawthorn's contention that the September 30, 2019, postmark could not be an endorsement because the postal service returned the mailing for insufficient postage, the Commission found the September 30 mailing did contain sufficient postage and was returned due to postal service error. Hawthorn equates the present case to *Marciante v. Treasurer of Missouri*, in which a claimant attempted to mail notice of an appeal to the Commission but placed insufficient postage on the envelope. 477 S.W.3d 704, 705 (Mo. App. 2015). The Commission refused the mail, and the postal service returned it. *Id.* The claimant then remailed the notice of appeal outside the time limit for appeals. *Id.* Unlike the present case, no party in *Marciante* disputed that the claimant had placed inadequate postage on the first mailing. *Id.* There, the issue was

7

whether the notice of appeal was timely filed when the Commission did not receive it, and the claimant had remailed it after the statutory period to appeal had ended. *Id.* In Gray's case, had the September 30 mailing contained insufficient postage, *Marciante* would apply. The Commission, however, found, based on the testimony of Gray's witnesses, that sufficient postage was placed on the September 30 mailing.

Hawthorn asserts throughout its brief that the Commission erred in finding Gray's witnesses credible because Gray's witnesses, who were not postal service employees nor demonstrated knowledge of postal regulations, were not competent to testify to whether the September 30 mailing had sufficient postage. This argument goes to the weight to be afforded Gray's witnesses' statements rather than the competence of such evidence, and this Court defers to the Commission's decisions relating to the credibility of witnesses and the weight given to testimony. *Hornbeck v. Spectra Painting, Inc.*, 370 S.W.3d 624, 632 (Mo. banc 2012).

The office manager testified the September 30 mailing required $1.60 in postage based on its weight, and the September 30 mailing had $3.30 in forever stamps affixed to it. The Commission expressly found, in part based on "the credible testimony of [Gray's] witnesses," that Gray timely filed her applications for review by mailing them to the Commission with sufficient postage on September 30. The Commission's decision to believe the testimony of Gray's witnesses was within its authority. This Court cannot reassess the credibility of the evidence presented in this case. *Id.* The Commission's factual findings are binding on this Court. Section 287.495.

Consequently, Hawthorn's argument that the Commission's determination that the September 30 mailing was "endorsed" by the postal service and had sufficient postage was not supported by substantial and competent evidence fails.

**B. Receipt Pursuant to Section 287.480**

For timely filing, section 287.480 requires the notice of appeal be mailed and received by the Commission. *Marciante*, 477 S.W.3d at 706. Hawthorn argues the Commission never "received" the September 30 mailing as required by section 287.480, and the Commission ignored the receipt requirement when it applied section 287.480 to the September 30 mailing. Gray presented evidence at the remand hearing showing the Commission acknowledged receipt of the second mailing, which included Gray's original applications and the September 30 envelope. Specifically, one of Gray's exhibits at the remand hearing was a November 1, 2019, letter from the Commission to Gray's attorney stating, "Receipt is acknowledged of your October 29, 2019 correspondence along with the Applications for Review and original envelope."

The Commission acknowledged that it did not receive Gray's applications for review until after the October 2, 2019, statutory deadline but found the evidence Gray produced at the remand hearing was sufficient to establish such applications' timely filing. Hawthorn's argument that the Commission never received the September 30 mailing fails.

Hawthorn is correct that no part of section 287.480 permits the Commission to review an application filed after 20 days. The facts found by the Commission, however, establish Gray's applications were not untimely under the plain language of section

9

287.480.  The Commission found the September 30 mailing contained a postal service endorsement bearing the date September 30, 2019—within the 20-day statutory period—and the Commission received Gray's applications for review on November 1, 2019. Absent fraud, the Commission's factual findings are conclusive and binding on this Court.  Section 287.495.  The purpose of the statute has been served.  Hawthorn's argument that the Commission acted in excess of its powers fails.

## II.     *Jurisdiction to Enter the Final Awards*

Finally, Hawthorn argues the Commission lacked jurisdiction to review the matters appealed by Gray because the applications were untimely.  Hawthorn argues this Court should reverse the award of benefits and dismiss Gray's appeal for lack of jurisdiction under section 287.480.  Because this Court affirms the Commission's finding that Gray's applications were timely filed, the Commission did have jurisdiction to enter the final awards on February 10, 2022.  Hawthorn's argument fails.

## Conclusion

The Commission did not err in finding Gray's applications were timely filed under section 287.480.  Accordingly, the Commission's decision is affirmed.

_____

Mary R. Russell, Chief Justice

Russell, C.J., Powell, Fischer,
Ransom and Wilson, JJ., concur.
Broniec and Gooch, JJ., not participating.